E. Ford *v.* Vicksburg Waterworks Co.

[59 South. 880.]

1. Water Companies. *Charges. Penalties. Forfeiture of interest. Code* 1906, *section* 2678. *Usury.*

   A water company furnishing water to the public has no power to enforce a rule that, if the bills for water furnished during a month are not paid by a certain day of the next month, ten per cent shall be added thereto, as the only damage which the law contemplates that a creditor will suffer by reason of the mere withholding of money due, is legal interest thereon.

2. Same.

   The attempt of a water company to collect ten per cent damages upon overdue bills does not subject the company to a forfeiture of all interest under Code 1906, section 2678, as this section of the Code covers only two classes of cases; first, where parties contract for a rate of interest in excess of that allowed by law; and second, where the creditor receives a rate of interest greater than that allowed by law.

Appeal from the circuit court of Warren county.

Hon. H. C. Mounger, Judge.

Suit by the Vicksburg Waterworks Company against E. Ford.

The facts are fully stated in the opinion of the court.

*Hudson & McKay,* for appellant.

The first and principal error assigned and urged here is that the lower court erred in awarding and adjudging to the plaintiff below the admitted and confessed penalty or usurious damages of ten per centum on each and all of the debit items or prices of the account sued on. It boldly but frankly appears undenied and confessed in the record that the rules, regulations and practice of the appellee water company are that, whenever a customer of the water company fails to pay a water

bill within ten days after it becomes due, a penalty of
ten per centum damages shall be and is added to the
agreed price or rate or true compensation of and for
the water furnished. This confessed penalty of ten per
centum is boldly admitted to be no part of the price or
compensation for the water furnished and it is further
confessed that it is imposed without reference to time
of delinquency in payment, except for the mentioned ten
days of grace.

Now, we confidently take the position that this ten
per centum damages, which makes up a valuable portion
of the judgment against the appellee, is an illegal pen-
alty, pure and simple, or that it is unlawful and usuri-
ous damages imposed over and above and as no part of
the price or compensation for the water furnished. It
is a bold, bald penalty and by that very name, obnox-
ious to the law, called in the appellee's rules and the
testimony of the plaintiff as to the contract of the ap-
pellant. It is a heavy penalty inflicted for the mere fail-
ure to pay a sum of money by a given time. It is unde-
niably a contract for the simple payment of money. The
law by express mandate measures the damages for with-
holding the payment of money by its statutory provision
and these mandates are zealously guarded and enforced.
This is not a case of cash and credit prices, but one of a
usurious penalty. We deem our position to be so un-
questionably sound as not to need the support of cited
authorities; yet, for its confirmation, let us see how
abundant and of one accord the authorities are. From
13 Cyc. 101, we quote: "Default in payment of money.
1. In general. As a general rule the doctrine of liqui-
dated damages is not applicable to contracts for the
payment of money alone; in such case the courts con-
strue the damages as a penalty. In cases where the par-
ties to a contract stipulate for the payment of a large
sum of money as damages for the failure or nonpayment
of a smaller sum at a given time, no matter what may be

the language of the parties, the large sum agreed upon
will be deemed a penalty, and not liquidated damages.
2. Usurious damages. Where liquidated damages are
claimed for the nonpayment of a sum of money and such
damages exceed the lawful rate of interest, they are
necessarily in violation of the law of usury and will not
be allowed." From 2 Joyce on Damages, p. 1449, we
quote: "A provision in a contract that in default of the
payment of a certain sum of money, a designated sum
much in excess of that shall become payable or be for-
feited as liquidated damages, will nevertheless be con-
strued as a penalty. In such cases the measure of dam-
ages is generally the interest on the amount to be paid,
which can be definitely ascertained, and to permit a sum
named in excess of the debt to stand as liquidated dam-
ages would be to enable the parties to evade the usury
laws." From 19 Am. & Eng. Ency. of Law, p. 416, we
quote: "In a contract for the payment of money, a
provision that in the event of default another and larger
sum shall be forfeited and paid as liquidated damages
by the obliger to the obligee is generally held, insofar
as the latter sum exceeds legal interest, to be in the
nature of a penalty and unenforceable." From page
417 of the same, we quote: "The rule in the case of con-
tracts for the payment of money is not based on the
doctrine that the stipulation for a larger sum on de-
fault was intended as a penalty by the parties; the rule
of liquidated damages is simply inapplicable to such con-
tracts, irrespective of the intent of the parties or the
language by which it is expressed. And the rule is the
same although a creditor may suffer the most serious
injury from the want of punctual payment for his debt,
and though the payment of the principal and interest
may in fact afford a wholly inadequate compensation
for his disappointment. The principle is that damages
for the breach of contract for the payment are fixed and
liquidated by law, and neither require nor are suscepti-

ble of liquidation by the parties, interest being the legal measure of damages in all such cases.'' As specially applicable to the facts of the case at bar we quote from page 418 of the same authority: ''But where the lesser sum is in fact the debt, the larger is a penalty, and its payment will not be enforced, although the contract may provide in terms for the release of the latter upon payment of the former.'' Just so in the instant case, the appellee testified in the court below that the real and actual price and compensation for the water furnished was forty-five cents per thousand gallons and that the added ten per centum damages was no part of the rate or price of the water, but was a penalty for the non-payment of a sum of money. In 104 U. S. 771, C. J. Waite said: ''It is sufficient to say that all damages for delay in the payment of money owing upon contracts are provided for in the allowance of interest, which is in the nature of damages for withholding money that is due. The law assumes that interest is the measure of all such damages.'' In support of each of the above quoted authorities may be found a long list of decisions from the leading courts. We refrain from citing them for we deem the proposition too well settled that only legal interest can be collected as damages for withholding the payment of money.

Our second assignment of error and contention is that the lower court erred in awarding and adjudging to the plaintiff below the six per centum interest on the items sued on. This contention is made under and by virtue of the provisions of section 2678 of the Code of 1906 to the effect that where usurious damages or penalties taint a contract for the payment of money all interest shall be forfeited. The total amount that the plaintiff could by law recover of the defendant below was the sum of $142.66, instead of the much larger amount awarded by the lower court.

*J. C. Bryson,* for appellee.

Nowhere, as far as we have been able to find, has either the discount or penalty been treated as an interest charge or as discrimination.

In principle there can be no difference between. allowing a percentage discount and adding a per centage penalty. Neither is in the nature of interest. Interest is an allowance for the forbearance of a debt. It follows that there must be a fixed subsisting debt before an allowance can be made for its forbearance. Usury was defined in the case of *Bass* v. *Patterson,* 68 Miss. 310 to be "the taking of more than the law allows for the forbearance of a debt."

Tested by this definition the plaintiff's charge does not fall within the condemnation of the law, because even with the fine of ten per cent added the total charge was only forty-nine and one-half cents per thousand gallons or within the price allowed by contract to the plaintiff for furnishing water.

We have not made an extensive review of the cases bearing upon the right to add a fine for the nonpayment of water rents when due we have found one case exactly in point, namely: *Tacoma Hotel Co.* v. *Tacoma Land & Water Co.,* 3 Wash. 316, 28 Am. St. Rep. 35.

In that case the water company had a rule providing as follows:

"In case of nonpayment of rents within ten days after they are due, five per cent additional will be added, and if the rents are not paid within fifteen days after they are due, the water will be shut off from the premises."

The court sustained the rule and in speaking of it said: "We find as a matter of law that it is reasonable."

This court held in the case of *Griffith* v. *Vicksburg Waterworks Co.,* 88 Miss. 371, that any charge made by the plaintiff company. at fifty cents per thousand gal-

lons, or under, was reasonable and lawful. Special Judge Edward Mayes in rendering the opinion said:

"Granting that the company (plaintiff) is lawfully vested with authority to fix its rates, then such rates being so fixed by it within the maximum limit allowed by the charter, or allowed by the duly authorized ordinance, is by the courts presumed to be reasonable; and it is not permissible for each individual citizen, in every controversy that may arise, to have that question, once passed upon by the lawfully constituted public authorities charged with. power in the premises, reopened and litigated anew."

We note that counsel for appellant in their brief say:

"This is not a case of cash and credit prices, but of a usurious penalty. We deem our position to be so unquestionably sound as not to need the support of cited authorities; yet, for its confirmation, let us see how abundant and of one accord the authorities are."

This statement is followed by quotations from Cyc. and the Ency. of Law and some other authorities .

Neither the texts quoted nor the case cited involve the right of a public service corporation to give a discount or to add damages for the nonpayment for services rendered when due. We have searched the books in vain to find any case or any text book or other authority holding that a public concern may not give a discount or demand damages for the nonpayment of dues when collectible.

Certainly none of the authorities cited by the learned counsel for the appellant support such contention.

We think the question involved is surely one of cash and credit sales. If the consumer fails to pay promptly he has ten per cent added to the cash price at which he could have settled.

This court held in the case of *Bass* v. *Patterson,* 68 Miss. 310, above referred to, that an agreement between a buyer and seller, that if the goods sold were not paid

for within thirty days fifteen per cent should be added to the cash price, was a valid agreement and not tainted with usury.

We submit as a matter of law that that is exactly the point involved in the case at bar. If Ford had paid for his water on or before the tenth of the month he would have received it at forty-five cents per thousand gallons, but failing to do so until after the tenth of the month he was charged a credit price of forty-nine and one-half cents. This price fell within the contract price permitted by the franchise and was therefore, under the Griffith case above referred to, presumed to be reasonable and being both legal and reasonable Ford had no right to complain.

We submit further that this charge of damages is in the nature of a fine by a building and loan association for the nonpayment of dues and other charges when due.

This court in the case of *Association* v. *Grant,* 82 Miss. 424, sustained the charging of fines by a building and loan association.

In that case the debtor claimed credit for fines and withdrawal fees charged by the association against him. The chancellor held that the amount paid on the expense account and charges for fines and withdrawal fees should not be credited upon the principal debt. This court affirmed the case. Judge WHITFIELD, who rendered the opinion said:

"The chancellor correctly disallowed the credits claimed."

We further cite upon this point, 4 Ency. of Law (2 Ed.), 1040:

"Fines may be defined as impositions upon members neglecting to pay to the association at the proper time any money which is due to the latter from them."

"Unless unreasonable in amount, they are viewed as liquidated damages and to be enforced by the courts, not as penalties against which equity will relieve."

We submit that under the foregoing authorities it was allowable for the water company to demand and collect damages.

SMITH, C. J., delivered the opinion of the court.

Appellee is a waterworks company, engaged in supplying water to the citizens of the city of Vicksburg, and one of the rules adopted by it for the conduct of its business provides that all water bills are payable at the office of the company on the 1st day of the month following that in which the service is rendered and, if not paid on or before the tenth day thereafter, ten per cent of the amount thereof will be added thereto. Appellant being in arrears in his account with appellee for water furnished him, this suit was instituted to enforce the payment thereof.

His complaint here is that the court below rendered a judgment for appellee, not only for the amount actually due it for water furnished him, but also added to this amount, in addition to legal interest thereon, ten per cent thereof, in accordance with appellee's rule hereinbefore referred to. This adding of ten per cent thereof to consumers' bills provided for by appellee's rule is no part of the money due it for water furnished, but is simply a penalty, arbitrarily imposed by it, either for the purpose of enforcing the prompt payment of consumers' bills, or to indemnify it for any damage it may suffer by reason of these bills not being promptly paid. In either event, appellee's claim therefor should not have been allowed. It has not been empowered by law to impose upon and collect from its debtors fines for not paying their accounts promptly, and the only damage which the law contemplates that a creditor will suffer by reason of the mere withholding of money due him is legal interest thereon. The measure of all such damages is legal interest.

Appellant also claims that this attempt of appellee to collect this penalty constitutes a violation of section 2678 of the Code, and therefore it must forfeit all interest on the account. In this appellant is in error. The penalty of forfeiture imposed by this section of the Code covers only two classes of cases: First, where parties contract for a rate of interest in excess of that allowed by law; and, second, where the creditor receives a rate of interest greater than that allowed by law. The case at bar falls within neither of these classes. The right of appellee to impose and collect this penalty is not *res adjudicata* by reason of anything contained in the decree of the United States Court for the Western Division of the Southern District of Mississippi, rendered in the case of *Mayor and Aldermen of the City of Vicksburg* v. *Vicksburg Waterworks Co.*, a copy of which appears as an exhibit to the testimony of the witness Crumpler. See 206 U. S. 496, 27 Sup. Ct. 762, 51 L. Ed. 1155.

The judgment of the court below is reversed, and judgment here for only the amount due appellee for water furnished, together with legal interest.

*Reversed.*