CARMICHAEL *v*. CITY OF GREENVILLE.

[73 South. 278, Division B.]

1. WATERS AND WATER COURSES. *Municipal water supply. Covenant Running with the land. Penalty for violating regulation.*

A contract by a city owning water works to furnish a landowner with water on certain premises, is a covenant running with the land and as long as such owner owned the premises he had a right, while subscribing to reasonable regulations made by the city, to be furnished with water and this right would not be cut off because he was delinquent in the payment of his water rent, though during the time of such delinquency the city had a right to cut off his water supply until the rent in arrears was paid.

2. MUNICIPAL WATER SUPPLY. *Penalty for violation of regulation.*
   The regulation of the city in such case requiring the payment of
   one dollar in addition to delinquent water rent for failure to
   pay the water rent promptly was unreasonable and void.

APPEAL from the circuit court of Washington county.
HON. F. E. EVERETT, Judge.

Suit by B. B. Carmichael against the city of Green-
ville. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*B. B. Carmichael,* for appellant.

It will first be necessary to discover whether the con-
tention of appellant, plaintiff below, that the city had
no right to impose an additional penalty of one dollar
and two dollars over and above the usual water rates,
is correct, then whether or not after all these sums
were tendered, the appellee had a right to refuse ap-
pellant a supply of water. The authorities are against
the penalties and against the discrimination.

The adding to a consumer's bill penalties of this
character are no part of the original sum agreed to
be paid or collected and falls clearly within the con-
demnation of the doctrine laid down in the case of
*Vicksburg Water Co.* v. *Ford,* 102 Miss. 717, 59 So. 880.
In this case of the Water Works Company had a rule
of adding to consumers' bills ten per cent if bills were
not paid by a certain day of the next month. The court
said: ''The adding to a consumer's bill as provided
by appellee's rule ten per cent if bills are not paid by
a certain day of the next month is no part of its bill
for water furnished, but is simply a penalty, arbitrarily
imposed, either for the purpose of enforcing the prompt
payment of the consumer's bill, or to indemnify it for
any damage it may suffer by reason of these bills not
being promptly paid. In any event, appellee's claim
therefore should not have been allowed. It has not been
empowered by law to impose and collect from its deb-
tors fines for not paying their bills promptly, and the

only damages the law contemplates a creditor will suffer by reason of the mere withholding of money due him is legal interest thereon. The measure of all such damages is legal interest.'' *Hughes* v. *Fisher,* 1 Walker's Miss. 516, citing 1 Blackstone. 227; *Paris Mountain Water Co.* v. *Mills,* 82 S. E. 417. See *Burke* v. *City of Water Valley,* 40 So. 820; *American Waterworks Co.* v. *State ex rel. Walker,* 30 L. R. A. 447, 46 Neb. 194, 64 N. W. 711; *People* v. *Monroe,* 41 Misc. (N. Y.) 198.

Appellant agrees that a water company may within reasonable limitations, and by giving notice, cut off the supply of consumers who refused to pay their water rents, but they cannot as a further penalty require the payment of an arbitrary sum for the cutting off of the water or for the turning on of the same again. 39. Am. & Enc. (2 Ed.) 420; citing *Barker* v. *Boston,* 1 Allen's Mall. 361; *Red Star Steamship Company* v. *Jersey City,* 45 N. J. L. 246; *American Waterworks Co.* v. *Ex rel. Walker,* 46 Neb. 194, L. R. A. 477.

There is no duty cast upon appellant to have paid the unlawful demands of appellee, or, if lawful, the disputed claim. This is a well-settled principle of law, cited by several Mississippi decisions. See *Burke* v. *Water Valley,* 87 Miss. 732. This rule is laid down in the case of *Wood v. Auburn,* 29 L. R. A. 376. *Chicago* v. *Rodgers Water Co.,* 73 N. E. 375.

Where a water company presents an erroneous bill, it is liable in damages if it cuts off its service from the overcharged user upon the latter's refusal to pay. *Louisville Tob. Warehouse Co.* v. *Louisville* (Ky.), 172 S. W. 928. This is the rule in Mississippi. *Cumberland Tel. Co.* v. *Hobart,* 42 So. 349; *Sickles* v. *Manhattan Gas Light Co.,* 64 How. Pr. 33; *State* v. *Nebraska Telegraph Co.,* 52 Am. Rep. 401; *Mc Ente* v. *Kingston Water Co.,* 165 N. Y. 27, reversing 19 N. Y. App. Div. 632, 30 Am. & Ency. 420; *Telegraph Co.* v. *Hobart,* 89 Miss. 252, 42 So. 349. ''Rules are not binding unless made so by contract.'' 74 S. E. 943.

Rules of the character sought to be enforced herein are not uniform, discriminatory and void. Some consumers would be cut out and compelled to pay much more than others who the collector might see fit to favor, and who might come in and pay after others had been cut out, and, to whom the person doing the cutting out might not have reached.

"Parties, by contract, are allowed to fix their own measure of damages in certain cases so far. as they are reasonable, yet the amount of damages claimed must be porportionate to the breech alleged." 13 Cyc. 96. *Burke* v. *City of Water Valley,* 40 So. 829; *Ginnings* v. *Meridian Waterworks Co.,* 56 So. 450; *Van Norman* v. *Meridian Waterworks,* 102 Miss. 742.

*Boddie & Farish,* for appellee.

The peremptory instruction was properly granted on the issue joined on the special plea of appellee, the evidence showing conclusively that the appellee owed the appellent no duty to furnish him water, except by reason of contract made with him under the provision in the conveyances from Archer, McMahon and Wortham. His property was situated outside the city of Greenville and appellee was only required to furnish water from its water plant to the inhabitants of the city of Greenville, except in cases where it contracted to furnish water to others. By accepting the deeds from said Archer, McMahon and Wortham the appellee agreed to furnish water to the property-owners along said roadway so long as they complied with reasonable restrictions and regulations imposed, and one of the regulations was that the water should be paid for in advance and if not paid within thirty days after due, that it should be cut off and not again turned on until all sums due had been paid; and in addition thereto, the sum of one dollar for turning said water off and on. This rule and regulation appellant declined and refused

to comply with and thereby breached and terminated the contract to furnish him a supply of water.

The appellant contends that this rule and regulation is unreasonable and void. He cites the case of *Burke* v. *Water Valley* in 87 Miss. 732 and *Vicksburg Water Co.* v. *Ford*, 102 Miss. 717, in support of his contention that said regulation requiring payment of one dollar for turning off and on water is unreasonable and void. This question has never been decided by the supreme court of Mississippi. In the Water Valley case the court simply decided that it was unreasonable for a municipality operating waterworks plant to withhold water from a tenant who tenders payment therefor, because a previous occupant of the leased premises had not paid for water furnished him therein. And in the Ford case decided that it was unreasonable to charge consumers an additional ten per cent if bills were not paid by a certain day of the month. While there are some decisions to the contrary as shown by appellant's brief, the weight of authority is that such a regulation is reasonable and may be enforced. *City of Mansfield* v. *Humphreys Mfg. Co.*, 31 L. R. A. (N. S.), 301; 19 Ann. Cas. 842; *Sei* v. *Water Supply Co., etc.*, 140 Pac. 1067. We respectfully refer the court to these cases and the cases cited in the opinions.

The regulation requiring the payment of one dollar additional being reasonable and enforceable, and the appellant declining to comply therewith, terminated his contract with the appellee for the supply of water, and when he afterwards tendered or agreed to pay the amount claimed, his contract was not in force and the appellee had the right to refuse to accept any amount and refuse further to supply appellant with water. *Hieronymus, et al.*, v. *Bienville Water Supply Co.*, 31 So. 31.

We submit that when appellant refused to comply with the reasonable regulations of the water plant of appellee and thereby breached and terminated his con-

tract with appellee, that appellee owed him no further
duty to supply him with water, as, under its charter,
it owed this duty only to the inhabitants of the city, and
it was only to furnish water to     appellant by reason
of the provision in the conveyances from Archer,
McMahon and Wortham and by reason of the contract
made with appellant under said provision. The contract
was terminated and had no further effect, and the ap-
pellee had a right to refuse to make any other contract
with the appellant. The peremptory instruction was,
therefore, properly granted and the judgment of the
circuit court should be affirmed.

POTTER, J., delivered the opinion of the court.

The plaintiff in this case, B. B. Carmichael, brought
suit against the city of Greenville, and charged in his
declaration that on and before the 22d day of March,
1909, the defendant municipality owned and operated a
public waterworks system for hire and reward, and that
in the year 1909 the said defendant purchased and
equipped a public park situated about one-half mile
south of the corporate limits of the city of Greenville,
and that B. B. Carmichael, John K. Archer, R. B.
McMahon,. and Mrs. Sallie Wortham owned a large
tract of land situated between the corporate limits of
said city and said public park and known as Greenway
Park, and that on the 22d and 23d days of March, 1909,
the said Carmichael, Archer, McMahon, and Wortham
conveyed to the defendant valuable property rights,
and in consideration thereof the defendant agreed to lay
a water main along the street leading from said city to
said park and to furnish persons who should buy lots
in Greenway addition water under such reasonable regu-
lation as the defendant might impose. The plaintiff
averred that thereafter the defendant accepted the said
conveyances, and in consideration thereof laid its water
mains under said street and permitted the plaintiff and
others who purchased lots and erected residences on lots

purchased in Greenway addition to connect their premises with said mains and to receive therefrom a supply of water. Plaintiff alleged that, after he had purchased a lot in said Greenway addition and erected a residence thereon and connected his residence with said water main, he received a supply of water therefrom, paying to said defendant the sum of sixteen dollars per annum, payable at the rate of four dollars per quarter. And he alleged that he paid his water rent to defendant for a period of about three years promptly, but through oversight forgot to pay the rent for the quarter beginning July 1, 1914, and ending September 30, 1914, in advance, and that on the 11th day of August, 1914, his water was cut off by defendant. And he alleged that thereafter, upon tender to defendant of four dollars for said quarter, and interest thereon, the defendant demanded the sum of one dollar as a penalty for having failed to pay the water rent promptly, and this regulation the plaintiff avers was an unreasonable regulation. In a second count plaintiff alleges that he tendered the defendant company, after it had cut off his water, the full amount of water rent, and in addition thereto two dollars which, according to the plaintiff "was unjustly, arbitrarily, and maliciously" demanded of plaintiff by said defendant, but that, notwithstanding this offer, defendant had notified the plaintiff that it would not accept any sum of money from him whatever and would not furnish him a supply of water under any terms or conditions whatever. The suit is for ten thousand dollars damages. The agreement mentioned in plaintiff's declaration between John K. Archer and others to the city council of Greenville is made an exhibit to the plaintiff's declaration. The proof offered by plaintiff in this case tended to establish the allegations of the declaration and actual damages were shown in incidental expenditures and depreciation in the value of his property, occasioned by the refusal of the municipality to furnish him with water.

A motion to exclude plaintiff's testimony in this case was sustained upon the theory that in refusing to pay the water rent and in refusing to pay the damages demanded of plaintiff the contract to furnish him with water was terminated. The contract to furnish this water, however, is a covenant running with the land, and as long as Mr. Carmichael was the owner of the property in question he had a right while subscribing to reasonable regulations made by the city to be furnished with water. Because he was delinquent in the payment of his water rent would not extinguish this right. It is, of course, a reasonable rule that, if a consumer is delinquent in the payment of his water rent, the same may be cut off until the rent in arrears is paid, and any other reasonable rule assuring the city of getting pay for its water may be enforced. After Mr. Carmichael's water had been cut off, upon a tender of the amount due, he had a right to have the water again connected on such reasonable regulations as is required of other persons. The municipality cannot flatly refuse, because Mr. Carmichael was once delinquent, to connect him again with the waterworks when he tenders all he owes.

The regulation requiring the payment of an additional dollar because the plaintiff was delinquent in his water rent is unreasonable and void, and has been so held in this state. *Ford* v. *Vicksburg Waterworks Co.*, 102 Miss. 717, 59 So. 880, 43 L. R. A. (N. S.) 63.

*Reversed and remanded.*